IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-1259
_____


UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

v.

DAVID GLENN IVES,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

( February 16, 1993)

Before REAVLEY, KING and WIENER, Circuit Judges.


KING, Circuit Judge:

     After pleading guilty to the charge that he distributed amphetamine in violation of 21 U.S.C. § 841(a)(1), David Glenn Ives was sentenced by the district court to ninety-seven months' imprisonment.  On appeal, Ives raises a single claim: that the district court erred by refusing to depart downward in order to "harmonize" Ives' sentence with the considerably lesser sentences given to Ives' equally culpable co-conspirators.  Finding no error, we affirm.

     Because Ives raises only a single issue of law on appeal, we dispense with a full recitation of the facts.  We simply note

that Ives' co-conspirators received sentences substantially less severe than Ives' sentence of ninety-seven months' imprisonment.[1] We also observe that it appears from the district court's comments at Ives' sentencing hearing that one or more of these co-conspirators were equally or more culpable than Ives. The district court was sympathetic to Ives' arguments but stated that, under the United States Sentencing Guidelines, he had no authority to depart downward for the purpose of achieving sentencing parity or equity between similarly situated co-defendants.

Although an issue of first impression in this circuit, this very question has been decided by numerous other federal courts of appeal. Although there is a small degree of intra- and inter-circuit conflict, the clear trend has been to hold that a district court may not under any circumstances depart from a recommended Guidelines' sentence -- either upward or downward -- for the purpose of achieving parity or equity between co-defendants.[2]

---

[1] Numerous other co-conspirators received sentences ranging from twelve to thirty-six months of actual prison time. The sentences were primarily the result of prosecutors' charging decisions, resulting from plea-bargains, not because of an exercise of unbridled discretion by sentencing courts.

[2] See, e.g., United States v. Wogan, 938 F.2d 1446, 1448-1449 (1st Cir. 1991), cert. denied, 112 S.Ct. 441 (1991); United States v. Joyner, 924 F.2d 454, 460-462 (2nd Cir. 1991); United States v. Higgins, 967 F.2d 841, 845 (3rd Cir. 1992); United States v. Kant, 946 F.2d 267, 270 n.3 (4th Cir. 1991); United States v. Geesa, 944 F.2d 265, 270 (6th Cir. 1991) (noting intra-circuit conflict), vacated upon decision to reconsider the issue en banc, 944 F.2d 271 (6th Cir. 1991); United States v. Cea, 914 F.2d 881, 889 (7th Cir. 1990); United States v. Torres, 921 F.2d 196, 197 (8th Cir. 1990); United States v. Majia, 953 F.2d 461, 468 (9th Cir. 1991) (noting intra-circuit conflict); United

Citing the distinct minority position, see United States v. Ray, 920 F.2d 562, 567-68 (9th Cir. 1990); United States v. Nelson, 918 F.2d 1268, 1275 (6th Cir. 1990), Ives proposes that we should adopt a rule that permits a district court to depart downward in order to assure sentencing equity between co-defendants. Ives' argument in support of his proposal is as follows: Although the Sentencing Guidelines expressly contemplate that there will inevitably be some sentencing disparities between co-defendants, see Joyner, 924 F.2d at 454, such differentials should only be the result of "reasoned" sentencing factors entering into a district court's calculations under the Guidelines' sentencing mechanism. "Reasoned" factors, according to Ives, include a defendant's unique criminal history, the degree of the defendant's involvement in a criminal enterprise, whether he accepted responsibility for the crime, and the like. Ives argues that such factors contributing to disparate sentencing of co-defendants are perfectly reasonable. We agree.

However, Ives further argues that sentencing disparities that result from such determinative factors as a prosecutor's (often seemingly arbitrary) decision to plea bargain favorably with one co-defendant and unfavorably with a similarly situated co-defendant are "unreasoned." Ives suggests that a district court should have the discretion to depart downward in order to

States v. Jackson, 950 F.2d 633, 637-38 (10th Cir. 1991); United States v. Hendrieth, 922 F.2d 748, 752 (11th Cir. 1991).

3

correct such unwarranted disparities that would otherwise result from a mechanical application of the Guidelines. Here we must disagree.[3]

Because the Constitution is not implicated, resolution of this issue must occur within the confines of the applicable statute and the United States Sentencing Guidelines. The operative provisions are 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0. Those provisions state that a district court may depart from the recommended Guidelines' sentence only in two instances. First, departure is warranted when the Guidelines expressly permit it based on specified aggravating or mitigating factors; second, a district court may depart when "the court finds that there exists an aggravating or mitigating circumstance of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the [G]uidlines that should result in a sentence different from that [recommended]." Nowhere in the Guidelines is the existence of disparate sentences among co-defendants listed as a permissible aggravating or mitigating circumstance.

---

[3] We hardly dispute that the occurrence of disparities among similarly situated co-defendants is a recurring feature of our criminal justice system, on both the state and federal levels. We observe that this has always been true, including well before the advent of structured discretion in the Sentencing Guidelines. Disparate sentencing appears to some degree inherent in our system. The Supreme Court has been repeatedly reminded of this fact and has consistently held that, even in the special context of the death penalty, there is nothing unconstitutional about it. See, e.g., Gregg v. Georgia, 428 U.S. 153, 199-200 & n.50 (1976) (plurality opinion); Pulley v. Harris, 465 U.S. 37, 43 (1984).

4

Thus, the only way disparate sentences could constitute a reason for departure would be if they qualify as either an aggravating or mitigating factor.  Following the lead of at least two other circuits, we hold that Ives' claim fails because disparity of sentences among co-defendants simply cannot be deemed an aggravating or mitigating circumstance.  As such, it is not a proper basis for departure, either upward or downward.  See United States v. Higgins, 967 F.2d 841, 845 (3rd Cir. 1992); United States v. Joyner, 924 F.2d 454, 460-61 (2d Cir. 1991).[4] Accordingly, the district court properly refused to depart downward in Ives' case.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[4] Again, turning to the Supreme Court's capital jurisprudence, we note that the Court has repeatedly held that "aggravating" and "mitigating" factors are only those things that relate to the "defendant's character or record or any of the circumstances of the offense."  See, e.g., Eddings v. Oklahoma, 455 U.S. 104, 110 (1982).