# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

─────────

No. 00-20515
Summary Calendar

─────────

UNITES STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORIO RODRIGUEZ-RODRIGUEZ,

Defendant-Appellant.

───────────────────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-78-2

───────────────────────────────

June 12, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges

PER CURIAM:[*]

Gregorio Rodriguez-Rodriguez appeals his sentence of 240 months' imprisonment after pleading guilty to conspiracy to possess with intent to distribute a controlled substance (cocaine) on a vessel subject to the jurisdiction of the United States and to possession with intent to distribute a controlled substance on a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §1903(a), (c), (g), and (j).

Rodriguez argues that the district court erred in finding that he was a manager or supervisor. He argues that the district court should have compared his actions as they related to the entire distribution scheme, rather than focusing solely on his role on board the ship in one step of the

─────────────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transportation of the drugs. He also argues that the district court erred in basing its findings on the information in the presentence report (PSR) and by disregarding the testimony given by Coast Guard and Customs investigators. He asserts that the statements of his co-conspirators in the PSR are not credible because they had much to gain by deflecting blame from themselves.

The guideline providing for an upward adjustment for aggravating role, U.S.S.G. § 3B1.1, provides for varying levels of adjustment based on the scope of the activity and on the relative responsibilities of the persons in leadership or managerial roles. Thus, the guideline itself takes into account the fact that there were persons above Rodriguez in the chain of command in this wide-ranging conspiracy. All that was required to be shown in order for Rodriguez to be a manager or supervisor was that he managed or supervised one or more other participants. § 3B1.1, comment. (n.2). The record amply demonstrates Rodriguez's supervision over many if not the entire crew on the ship in the loading and hiding of the cocaine. The district court's finding that he was a manager or supervisor, as opposed to an organizer or leader, takes into account Rodriguez's responsibility relative to the other conspirators outside of the narrow confines of this one cocaine shipment. The district court did not clearly err in its finding. United States v. Puig-Infante, 19 F.3d 929, 944 (5th Cir. 1994).

For the first time on appeal, Rodriguez argues that the district court ignored testimony elicited during pre-trial hearings about his role in the offense, which he contends was more credible than the "facts" in the PSR. The PSR included references to his co-defendants' involvement in loading the cocaine. The PSR identified all four defendants, Rodriguez, Mondul, Toledo and Bouziotis, as meriting a manager adjustment. Contrary to his argument, Rodriguez's role was not elevated compared to Toledo or Mondul. The guidelines contemplate that more than one person can receive the adjustment. § 3B1.1, comment. (n.4). Rodriguez does not contest that he committed the acts upon which the district relied in finding him a manager, except for threatening the crew to remain silent. Notably, the district court did not specifically cite this incident in stating the facts underlying its finding. Even if consideration of this fact were excluded, the evidence would still overwhelmingly support the district court's finding that Rodriguez played a managerial role in this offense.

2

Rodriguez argues that the district court committed clear error in failing to adjust his guideline level to reflect his minor role, based on the same arguments he made against the district court's finding that he had a managing role. Rodriguez had a management role, which would logically remove him from consideration for a minor role downward adjustment.

Rodriguez argues that the district court erred in failing to grant a two-level decrease in his offense level pursuant to the § 5C1.2 safety-valve provision. Because Rodriguez had to satisfy all five components of 18 U.S.C. § 3553(f), one of which provides that the defendant not be an organizer, leader, manager, or supervisor of others in the offense, the district court's finding against Rodriguez on the manager element disqualified him for the safety valve.

Rodriguez argues that the district court erred in failing to grant his request for a downward departure based on § 2D1.1, comment. (n.14). The district court's finding that Rodriguez was a manager, which the district court implicitly equated with a finding that he had decision-making authority, precludes the downward departure.

For the first time on appeal, Rodriguez makes an argument for a generalized downward departure based on a factor which takes the case out of the "heartland," but he does not state what that alleged factor is in this case. He also asks us to take notice of the sentencing disparity between himself and his co-defendants. Disparity of sentences among co-defendants is not an aggravating or mitigating factor that supports a deviation from the applicable guideline range. United States v. Ives, 984 F.2d 649, 651 (5th Cir. 1993).

AFFIRMED.