# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-10431
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Andrew Berger,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-479-2

———————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Andrew Berger pled guilty to conspiracy to acquire firearms fraudulently. The district court sentenced Berger to the statutory maximum of 60 months. On appeal, Berger argues his sentence is substantively unreasonable.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10431

During sentencing, the district court must "impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (quotations marks omitted) (citing 18 U.S.C. § 3553(a)). The district court must begin its analysis by reviewing the advisory United States Sentencing Guidelines. *See Gall v. United States*, 552 U.S. 38, 46 (2007).

Berger contests the substantive reasonableness of his sentence. This court reviews "an appellant's claim that [a] sentence is substantively unreasonable for abuse of discretion. This review is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017) (quotation marks and citations omitted). The court may, in its discretion, vary above or below the Guidelines range if it stays within the statutory sentencing range and fully considers the Section 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 708.

First, Berger argues that the district court did not adequately account for his age, upbringing, lack of criminal history, and mental health. The district court did, however, consider all of these things, in part based on Berger's own testimony and admissions. Specifically, the court weighed his mental health and youth against the significant threat to the public his

2

repeated conduct posed and the need to deter others from engaging in similar conduct. Thus, we defer to the district court's findings and weighing of the factors. *See id.*

Second, Berger argues that there is an unreasonably and inexplicably broad disparity between his sentence and his co-conspirators' sentences. "However, this disparity factor requires the district court to avoid only unwarranted disparities between similarly situated defendants nationwide, and it does not require the district court to avoid sentencing disparities between co-defendants who might not be similarly situated." *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). In explaining its sentence, the district court pointed to: Berger's involvement in two shootings; the presence of a firearm he sold at the site of another shooting; Berger's role as the organizer and leader of the conspiracy; and Berger's repeated illegal purchases of firearms. These factors do not apply to his co-defendants. Thus, Berger has not shown that his greater sentence created an unwarranted disparity. *See United States v. Ives*, 984 F.2d 649, 650 (5th Cir. 1993).

AFFIRMED.