**UNITED STATES of America, Appellee,**

v.

**Will HIGGINS, a/k/a "Willie," Appellant.**

**No. 91–1877.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
Rule 12(6) May 20, 1992.

Decided June 16, 1992.

Rehearing Denied July 17, 1992.

William A. DeStefano, Christopher D. Warren, DeStefano & Warren, P.C., Philadelphia, Pa., for appellant.

Michael M. Baylson, U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, Valli F. Baldassano, Asst. U.S. Atty., Office of U.S. Atty., Philadelphia, Pa., for appellee.

Before HUTCHINSON, COWEN and SEITZ, Circuit Judges.

OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

Will Higgins (Higgins) appeals the district court's refusal to depart downward under the Sentencing Guidelines based on various mitigating circumstances and his offer of substantial assistance to the government. The district court did not depart downward because it held that the Sentencing Guidelines prohibited a district court from departing based on the proffered mitigating circumstances and that it was similarly prohibited from departing on the basis of substantial assistance in the

absence of a motion by the government to that effect.

We will reverse in part and affirm in part. In extraordinary cases a district court can consider the mitigating circumstances of a criminal defendant in deciding whether to depart downward. If the district court thought that Higgins's circumstances were extraordinary, it had the discretion to consider a departure. However, the district court correctly ruled that it could not depart downward in Higgins's case on the basis of substantial assistance in the absence of a motion by the government. We will remand this case to the district court so that it may determine whether the proffered mitigating circumstances are extraordinary and thus may serve as the basis for a downward departure.

## I.

On June 5, 1991, Higgins was convicted of one count of conspiracy to distribute cocaine base, *see* 21 U.S.C.A. § 846 (West Supp.1992), and four counts of distributing or aiding and abetting the distribution of cocaine base, *see* 21 U.S.C.A. § 841(a)(1) (West 1981); 18 U.S.C.A. § 2(a) (West 1969), after a jury trial in the United States District Court for the Eastern District of Pennsylvania. After his conviction Higgins and his counsel met with the responsible Assistant United States Attorney and case agents in order to offer Higgins's assistance in apprehending other persons engaged in trafficking drugs. The government rejected Higgins's offer and did not move for a downward departure under Sentencing Guideline 5K1.1.

The United States Probation Office (Probation Office) determined that Higgins's criminal history category was II and that his offense level was thirty-eight. This resulted in a guideline range of 262 to 327 months. The statutory mandatory minimum that Higgins could be sentenced to was ten years.

The district court sustained a number of Higgins's objections to the Probation Office's presentence report. It refused a two-point enhancement for the use of a firearm during the offense of conviction and a two-point enhancement for obstruction of justice, and granted a two-point reduction for Higgins's role in the conspiracy because he was a minor participant. The district court rejected Higgins's objection to the calculation of the amount of cocaine base involved in the offense. This left Higgins with an offense level of thirty-two and a criminal history category of II which dictates a guideline range of 135 months to 168 months.

Higgins's counsel sought to have the district court depart downward for two reasons. Counsel contended that Higgins's young age at the time of the offense, his steady employment history and his strong family ties merited a downward departure. Counsel also sought a downward departure based on Higgins's offer of assistance to the government, which counsel contended was objectively substantial, even in the absence of a motion by the government for such a downward departure.

The district court rejected these arguments on the ground that it lacked the power to depart for these reasons under any circumstances.

COUNSEL: [I] respectfully, with all sincerity request the Court to seriously give consideration to that downward departure ... for factors that are not specifically taken into account—

COURT: What are the factors that weren't taken into account[?] The guidelines say you can't consider age, employment history, or family ties. And that's what you're arguing.

COUNSEL: The substantial cooperation he's given.

COURT: Substantial cooperation on motion of the Government. I realize that you differ with me about that, but I'm sworn to uphold the law. I don't play games with what the law is, because of what the result should be.

COUNSEL: No, no I'm not asking you to. I'm asking you, your Honor, study the facts that we have in our situation here where there was substantial cooperation offered. There's nothing in the guidelines to cover that situation. And

offer [sic] that meets the criteria of substantial cooperation.

COURT: Mr. DeStefano, I will do this for you. I will state for the record that if the Government has—if the Court had the legal authority to go below the guidelines, for proffered co-operation not considered substantial in view of the Government, that I would depart from the guidelines. I will state further that if the Court had the discretion to depart downward from the guidelines, for the factors you have mentioned, that have been considered by the Sentencing Commission, the Court would do so.

Appendix (App.) at 23–24. In a sentence entered on October 2, 1991, the district court sentenced Higgins to 135 months of incarceration, the low end of the applicable guideline, and a $250.00 special assessment. Higgins filed a timely notice of appeal on October 9, 1991.

## II.

■ We have appellate jurisdiction over the final decision of the district court under 28 U.S.C.A. § 1291 (West Supp.1992). While we lack jurisdiction to hear an appeal from a district court's failure to exercise its discretion to depart downward, we have jurisdiction over an appeal where the district court failed to depart downward because it believed it lacked the legal authority to consider such a departure. *See United States v. Georgiadis*, 933 F.2d 1219, 1222 (3d Cir.1991); *United States v. Denardi*, 892 F.2d 269, 271–72 (3d Cir.1989). The district court had jurisdiction in this

criminal case pursuant to 18 U.S.C.A. § 3231 (West 1985).

■ Both of Higgins's contentions on appeal concern the district court's ability to consider a downward departure in certain circumstances. These questions are legal in nature and we exercise plenary review over the district court's decision. *See United States v. Inigo*, 925 F.2d 641, 658 (3d Cir.1991).

## III.

We will first consider Higgins's argument that a district court can depart downward when the defendant has offered objectively substantial assistance but the government has refused to move for a downward departure based on that offer. We will then consider whether a district court can depart downward based on the particular characteristics of a defendant.

## A.

■ Higgins argues that "[n]otwithstanding the government's refusal to move for a departure under § 5K1.1, the trial court had the power *sua sponte* to utilize Mr. Higgins' undisputed efforts to cooperate as a basis for departing from the Guidelines." [1] Brief for Appellant at 18. He asks us to adopt as the law of this Circuit the holding of the United States Court of Appeals for the Fifth Circuit in *United States v. White*, 869 F.2d 822, 829 (5th Cir.) (per curiam), *cert. denied*, 490 U.S. 1112, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989). In *White* the court held that Sentencing Guideline 5K1.1 "does not preclude a district court from entertaining a defen-

---

1. Sentencing Guideline 5K1.1 is a policy statement entitled "Substantial Assistance to Authorities." It reads:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance,

taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1 (1991).

dant's showing that the government is refusing to recognize ... substantial assistance." *Id.*

During the pendency of this appeal, the Supreme Court of the United States decided *Wade v. United States,* —— U.S. ——, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992) which dealt with this very issue. After his arrest on various drug charges, Harold Ray Wade, Jr. (Wade) gave the police information that led to the arrest of another drug dealer. Wade was convicted on several counts and sought a downward departure from the applicable sentencing range for his assistance to the authorities. The government did not make a motion for downward departure based on substantial assistance under Sentencing Guideline 5K1.1. The district court held that it had no power to go below the range under Sentencing Guideline 5K1.1 in the absence of a motion by the government and the United States Court of Appeals for the Fourth Circuit affirmed. *Id.* at ——, 112 S.Ct. at 1842–44.

The Supreme Court affirmed unanimously, holding "that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *Id.* The Court continued "[i]t follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Id.* Like Wade, Higgins "has never alleged, much less claimed to have evidence tending to show, that the Government refused to file a motion for suspect reasons such as his race or religion." *Id.* Even assuming that Higgins's assistance was unquestionably substantial, "a showing of assistance is a necessary condition for relief, ... not a sufficient one. The Government's decision not to move may have been based not on a failure to acknowledge or appreciate [Higgins]'s help, but simply on its rational assessment of the cost and benefit that would flow from moving." *Id.* at ——, 112 S.Ct. at 1844. We will affirm the district court's holding that it lacked the power to depart downward because of Higgins's substantial assistance in the absence of a motion by the government.

### B.

The other issue pressed by Higgins is whether his "offer of substantial assistance, his youthful age, his significant family ties and responsibilities, his stable employment record, and the comparatively lenient sentences of probation received by [certain co-defendants]," Brief for Appellant at 14, are mitigating circumstances on which a district court may base a downward departure under Sentencing Guideline 5K2.0. The government counters that because each of the various circumstances raised by Higgins were addressed by the Sentencing Commission, the district court properly held that it lacked the power to depart downward.

■ To the extent that Higgins's substantial assistance is alleged to be a mitigating factor under Sentencing Guideline 5K2.0, we reject that contention for the reasons set forth in the previous subsection of this opinion. *See supra* at 845. To the extent that the disparity of sentences among the co-defendants is alleged to be a mitigating factor, we agree with the United States Court of Appeals for the Second Circuit that this is not a proper basis for a downward departure. *See United States v. Joyner,* 924 F.2d 454, 460–61 (2d Cir. 1991).

■ This leaves us with Higgins's age, employment record and family ties and responsibilities, all of which are "not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.1 (1991) (age); *id.* § 5H1.5 (employment record); *id.* § 5H1.6 (family ties and responsibilities). The language of the guideline policy statements indicates that only when any one of these factors can be characterized as extraordinary does the district court have discretion to depart from the guideline's sentencing range. *See United States v. Shoupe,* 929 F.2d 116, 121 (3d Cir.) (family responsibilities not extraordinary where defendant paid child support for son, talked

to and visited with son and was a "good father"), *cert. denied,* — U.S. ——, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991). It is not clear whether the district court thought that Higgins had met his heavy burden of showing that his circumstances were extraordinary, but that it still could not depart downward, or whether the district court thought that Higgins had not shown extraordinary circumstances, but, were it not for the guidelines, it would have lowered Higgins's sentence anyway. It stated:

> [I]f the Court had the discretion to depart downward from the guidelines, for the factors that you have mentioned, that have been considered by the Sentencing Commission, the Court would do so.

App. at 24. Therefore, we will vacate the sentence and remand this case to the district court for it to determine if Higgins's mitigating circumstances, other than his substantial assistance and the disparity in sentences, fall within the very narrow category of the extraordinary.[2]

### IV.

We will affirm the district court's decision not to depart downward for an offer of substantial assistance in the absence of a motion by the government. We will reverse the district court insofar as it held that it had no power to depart downward based on Higgins's mitigating circumstances. The district court may do so in a very narrow class of cases where extraordinary circumstances exist. *See Williams v. United States,* — U.S. ——, 112 S.Ct. 1112, 1119–20, 117 L.Ed.2d 341 (1992). Therefore, we will vacate the judgment of sentence and remand so that the district court may consider Higgins's request for a downward departure because of his mitigating circumstances.

---

**2.** Our review of the record demonstrates that the district court was fully versed in the issues before it. We recognize that defendant has the burden of both production and persuasion on a request for a downward departure. On remand, in determining whether the circumstances Higgins presents are extraordinary, the district court may wish to consider the cases discussing that issue. Some examples are: *United States v. Alba,* 933 F.2d 1117, 1122 (2d Cir.1991); *United States v. Pena,* 930 F.2d 1486, 1494–95 (10th Cir.1991); *Shoupe,* 929 F.2d at 121; *United States v. Big Crow,* 898 F.2d 1326, 1330–32 (8th Cir.1990). Of course, this list is not all-inclusive, and the question of whether any mitigating circumstances *Higgins* may present are extraordinary and if so the extent to which downward departure is justified, are for the district court in the first instance.