

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-1994

# United States of America v. Schein

Precedential or Non-Precedential:

Docket 93-7809

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"United States of America v. Schein" (1994). *1994 Decisions.* Paper 96.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/96

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 93-7809 & 94-7000
_____


UNITED STATES OF AMERICA
      Appellant at No. 94-7000

v.

MICHAEL M. SCHEIN,
      Appellant at No. 93-7809

_____


Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 93-cr-00097)

_____


Submitted Under Third Circuit LAR 34.1(a)
June 24, 1994


PRESENT:  BECKER and HUTCHINSON, <u>Circuit Judges</u>,
    and PADOVA, <u>District Judge</u>*


(Filed July 29, 1994)
_____




Mr. Michael M. Schein
253 North Hartley
York, PA  17404
   <u>Pro Se Appellant in No. 93-7089</u>
   <u>Pro Se Appelee in No. 94-7000</u>



_____

1

* Hon. John R. Padova, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

David M. Barasch, Esquire
  United States Attorney
Dennis C. Pfannenschmidt, Esquire
  Assistant United States Attorney
Office of United States Attorney
Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, PA     17108
            Attorneys for United States of America

————————

OPINION OF THE COURT
————————


HUTCHINSON, Circuit Judge.


        Appellant, Michael Schein ("Schein"), appeals a final
judgment of conviction on obscenity charges entered against him
by the United States District Court for the Middle District of
Pennsylvania.  The government cross-appeals from the district
court's decision to depart downward from the Sentencing
Guidelines and place Schein on probation.  We will affirm
Schein's conviction but vacate the sentence of probation because
the district court did not give its reasons for departing
downward.  Accordingly, we will remand the case to the district
court to give it an opportunity to make findings in support of
its downward departure or, in the absence of evidence to support
such findings, to resentence Schein within the applicable
guideline range.

        Schein was indicted by a federal grand jury on eight
counts, five for mailing obscene materials (Counts One through
Five), one for making false declarations (Count Six), and two for

criminal forfeiture (Counts Seven and Eight). After Schein waived his right to a jury, the district court held a bench trial and found him guilty of Counts One through Five, not guilty of Count Six and disposed of Counts Seven and Eight charging forfeiture on the basis of a stipulation.

At trial the government presented five tapes it had ordered from Schein's mail order catalog. The tapes contain graphic depictions of urination, masturbation, and oral and anal sex among homosexual males. The district court found these tapes were obscene and thus determined appellant was guilty of mailing obscene material in violation of 18 U.S.C.A. § 1461 (West 1984). Departing downward, the court sentenced Schein to twelve months probation.

In his appeal Schein argues the district court wrongly concluded his videotapes were obscene.[1] On cross-appeal the government argues the court's downward departure from the applicable Sentencing Guidelines range of eighteen to twenty-four months, to a sentence of twelve months probation, is not in accord with law.

We first consider Schein's appeal from his conviction. Obscene material is not protected by the First Amendment. Whether material is obscene is judged under the three part <u>Miller</u> test.

---

[1]Appellant also argues the firearms the government seized from him should be returned. This issue was not presented to the district court, and therefore it is not properly raised on appeal. Nevertheless, we note that the government has agreed to have a licensed federal firearms dealer sell the weapons and have the proceeds distributed to Schein.

See <u>Miller v. California</u>, 413 U.S. 15 (1973).  This test requires us to determine:

> (a) whether "the average person, applying contemporary community standards" would find that the work, taken as a whole, appeals to the prurient interest[]; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political or scientific value.

<u>Id.</u> at 24 (citation omitted).  In deciding whether the evidence was sufficient to find Schein guilty of mailing obscene material, we must consider whether there is substantial evidence, viewing the record in a light most favorable to the government, to support the factfinder's verdict of guilty.  <u>Government of the Virgin Islands v. Williams</u>, 739 F.2d 936, 940 (3d Cir. 1984).

Schein claims the tapes are not obscene because photographs of "urolagnic" pornography by Robert Mapplethorpe were shown at an exhibit funded by the government's National Endowment of the Arts.  We reject this argument.  Schein is not Mapplethorpe and it is plain that Schein's tapes lack serious artistic value, whatever artistic merit Mapplethorpe's work may have.  Moreover, mere availability of similar material is not a defense to obscenity.  <u>Hamling v. United States</u>, 418 U.S. 87, 126 (1974) ("'Mere availability of similar material by itself means nothing more than that other persons are engaged in similar activity.'")  (quoting, <u>United States v. Manarite</u>, 448 F.2d 583, 593 (2d Cir. 1971)).

5

Schein next claims his videotapes come within part (c) of the Miller test excluding certain expressive materials from the class of those that are obscene because Schein's tapes promote sexual safety and therefore serve an important social interest. We agree with Schein that materials which promote public health are not obscene just because they graphically depict human sexual or excretory acts. Nevertheless, this argument also fails.

> The proper inquiry is not whether an ordinary member of any given community would find serious literary, artistic, political, or scientific value in allegedly obscene material, but whether a reasonable person would find such value in the material, taken as a whole.

Pope v. Illinois, 481 U.S. 497, 500-01 (1987) (footnote omitted). Considering Schein's videotapes in their totality, we conclude that the district court did not err in deciding they served no serious public purpose. As noted in Miller, "'[a] quotation from Voltaire in the flyleaf of a book will not constitutionally redeem an otherwise obscene publication.'" Miller, 413 U.S. at 25 n.7 (quoting Kois v. Wisconsin 408 U.S. 229, 231 (1972)). Schein's videotapes are not redeemed because the participants in the homosexual acts he depicts wear condoms and the viewers are reminded, from time to time, to have "safe sex."

Finally, Schein argues he is not guilty because he took measures to make sure his videos were sold only to consenting adults, and therefore neither the "average person" nor the "community" were exposed. Accordingly, he contends it is wrong

6

to judge his work under <u>Miller</u>'s "average person" or "community standards" test for obscenity. The taking of precautionary measures to make sure obscene materials are distributed only to consenting adults is not a defense to distribution of obscene material. Obscene materials are not immune because only consenting adults see them. <u>Paris Adult Theatre I v. Slaton</u>, 413 U.S. 49, 57 (1973). Schein claims that <u>Paris</u> is distinguishable because an adult movie theater has more impact than the viewing of videotapes in the privacy of one's home. We do not believe this distinction is material. The law prohibits use of the mails to distribute obscene material, and the Supreme Court has decided obscene material is no less obscene because it is viewed only by consenting adults. "We categorically disapprove the theory . . . that obscene, pornographic films acquire constitutional immunity from state regulation simply because they are exhibited for consenting adults only." <u>Id.</u> Moreover, it would be impossible for Schein or any other purveyor of obscene materials to provide any real assurance that the persons ordering the obscene materials were all consenting adults who would restrict their viewing to themselves or their families in a private setting.

In its cross-appeal the government contends the district court erred in departing downward from the Guidelines sentence. The district court's power to depart downward is a legal question subject to plenary review. <u>United States v. Higgins</u>, 967 F.2d 841, 844 (3d Cir. 1992). Whether a departure was based on incorrect factual findings, however, is judged under

the clearly erroneous standard.  United States v. Shoupe, 929 F.2d 116, 119 (3d Cir.), cert. denied, 112 S. Ct. 382 (1991).

Here the sentencing court departed downward from the guideline range of eighteen to twenty-four months incarceration to twelve months probation.  It concluded, "the sentence required by the guidelines overstates the seriousness of the offense committed by the defendant in this case, particularly as he is a first offender . . . ."  Appendix at 112.  This conclusory statement is not adequate for us to determine whether Schein meets any of the guideline requirements for downward departure.

> [T]he Sentencing Reform Act requires a sentencing court to impose a sentence within the range prescribed by the Guidelines "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guideline that should result in a sentence different from that described."  18 U.S.C.A. § 3553(b).  "This provision is mandatory."

Shoupe, 929 F.2d at 119 (quoting United States v. Uca, 867 F.2d 783, 786 (3d Cir. 1989)).  Moreover, there is no provision in the Sentencing Reform Act or the Guidelines that provides for a downward departure because Guidelines overstates the seriousness of the offense, (in contrast, e.g., to overstatement of the seriousness of the defendant's criminal record).  Under U.S.S.G. § 5H1.4, however, "an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range . . . ."  Schein, an avowed homosexual, has tested HIV positive, and he may have a related serious physical complication.  Thus,

8

there may be a reason to grant a downward departure in his case. The district court, however, has not made any findings on the extent to which Schein suffers from physical impairment. Therefore, there is no basis in the present record on which this Court could decide that any mitigating circumstances relating to Schein's health exist that would justify the district court's downward departure. Accordingly, we must vacate the sentence of the district court and remand this case for further appropriate findings or, in their absence, resentencing within the Guidelines.

We will affirm Schein's conviction, but, on the government's cross-appeal, we will vacate his sentence and remand to the district court for further proceedings consistent with this opinion.