## UNITED STATES of America

v.

## Jonathan GIBSON.

## Criminal Action No. 98–93.

United States District Court,
E.D. Pennsylvania.

Nov. 24, 1998.

Jo W. Faber, Asst. U.S. Atty., Philadelphia, PA, for U.S.

Samuel C. Stretton, West Chester, PA, for Jonathan Gibson.

## *MEMORANDUM*

ANITA B. BRODY, District Judge.

The defendant, Jonathan Gibson, filed a motion requesting a downward departure for his cooperation with the government pursuant to United States Sentencing Guidelines 5K1.1 [1], over the government's objection. In February, 1998, Mr. Gibson was charged by information with one count of bank fraud. As part of his plea agreement, Gibson agreed to cooperate with the government. On August 14, 1998, Mr. Gibson was arrested in Cherry Hill, New Jersey and charged with theft and negotiating bad checks. Mr. Gibson contends in his motion that he was arrested in August while attempting to assist the government by gaining the trust of a particular suspect.[2] Mr. Gibson maintains

---

**1.** United States Sentencing Guidelines § 5K1.1 states, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1.

**2.** The government admits that to assist Mr. Gibson in his efforts to cooperate, the F.B.I. agent assigned to his case authorized him to use a New Jersey driver's license in the name Timothy Johnson, and to obtain a social security card, library card and voter registration documents in the name Timothy Johnson in order to work with the

that he put himself in danger trying to aid the government and that, in such unusual circumstances, he should be able to make a § 5K1.1 motion normally reserved for the government.

Mr. Gibson relies on *In re Sealed Case*, 149 F.3d 1198 (D.C.Cir.1998) which held that the district court has authority, even in the absence of § 5K1.1 motion by the government, to depart downward from the sentencing guidelines based on the defendant's assertion of substantial assistance. The portion of the *In re Sealed Case* opinion permitting the district court to depart has since been vacated pending a rehearing en banc. *In re Sealed Case*, 1998 WL 775647 (D.C.Cir.). The court in *In re Sealed Case* concluded that *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), authorized district courts to depart from the guidelines based on cooperation where the circumstances take the case out of the "relevant guideline heartland." *In re Sealed Case*, 149 F.3d at 1203. In its brief, the government argues that *In re Sealed Case* was wrongly decided, and that binding Supreme Court and Third Circuit precedent holds that the district court has no authority to depart on the basis of cooperation absent a government motion. I agree with the government's position and will deny defendant's motion for the reasons discussed below.

The United States Supreme Court has delineated the boundaries of the district courts' role in determining whether a defendant has cooperated with the government. In *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the Supreme Court held that, absent unconstitutional conduct by a prosecutor[3], a defendant's claim that he provided substantial assistance does not entitle him to any departure unless the government files a § 5K1.1 motion. The Supreme Court noted that the government's broad discretion in filing a § 5K1.1 motion is limited only by the court's right to review whether the government's decision was based on an unconstitutional motive. *Wade*, 504 U.S. at 186, 112 S.Ct. 1840. The Third Circuit echoed this ruling in *United States v. Higgins*, 967 F.2d 841 (3d Cir.1992), holding that a departure based on cooperation is impermissible under §§ 5K1.1 or 5K2.0 (the provision allowing departures in circumstances not addressed by the guidelines) in the absence of a government motion.

The underpinning of *Wade* and *Higgins* is that the government's decision to file a motion triggers the court's review of a defendant's cooperation, and absent that trigger, the court has no authority to inquire into cooperation barring a threshold showing of an unconstitutional motive by the prosecutor. *See United States v. Isaac*, 141 F.3d 477, 481 (3d Cir.1998) ("[s]ince § 5K1.1 expressly leaves discretion to the government, it is clear that, in the absence of a plea agreement, a district court has an extremely limited role in reviewing the government's refusal to move for a departure."). If *Koon* is read to allow the district court to depart in absence of a government motion, then the parts of the *Wade* and *Isaac* decisions referring to limited district court authority would be rendered nugatory. If *In re Sealed Case* were correct, then the district court could skip review of the government's decision and make its own inquiry and decision regarding cooperation. This clearly flies in the face of *Wade* and its progeny which condition the court's authority to depart downward on a government motion, unless defendant alleges constitutional violations.

suspect to determine the nature of his criminal activity. The government contends, however, that Gibson received no authorization to use other false identities, to purchase a vehicle and other merchandise in another person's name, or to write checks in another person's name. The government also alleges that Mr. Gibson failed to apprise the agent of any of the unauthorized conduct. I need not reach the issue of deciding what in fact occurred between Mr. Gibson and the agent because I am holding as a matter of law that the sentencing guidelines preclude a downward departure for substantial assistance on a defendant's motion.

**3.** In this case, defendant does not allege any unconstitutional motive by the prosecutor in not filing a § 5K1.1 motion. Defendant simply speculates that the government perhaps abandoned him because it was "embarrassed that he was arrested". Defendant's Brief in Support of the Motion for a Downward Departure, at 3.

Although *Wade* predated the Supreme Court's 1996 decision in *Koon v. United States, Koon* did not invalidate *Wade.* Rather, the two Supreme Court decisions are entirely consistent. *Koon* provided a general analytical framework for the assessment of departure issues, and, unlike *Wade,* did not address § 5K1.1 specifically. *Koon* held that the district courts have the authority to depart from the sentencing guidelines when the circumstances at issue were not considered by the Sentencing Commission. *Koon,* 518 U.S. at 96, 116 S.Ct. 2035. The issue of a defendant's cooperation, however, was expressly considered by the Sentencing Commission. The result of that careful consideration was the drafting of § 5K1.1, which permits such a departure only in the event of a government motion. To conclude that the Sentencing Commission failed to consider a defendant's substantial assistance motion merely because it was not expressly ruled-out is untenable. In deciding to require a government motion, the Sentencing Commission necessarily rejected a cooperation departure based on a defendant's motion. *See United States v. Bruno,* 897 F.2d 691, 695 (3d Cir.1990) (" [Section 5K2.0] does not authorize departure based on cooperation absent a government motion, because cooperation was considered by the Sentencing Commission, as § 5K1.1 clearly demonstrates.").

I agree with my esteemed colleague, the Honorable Louis H. Pollak, who held last year that the Third Circuit already ruled that a court may not depart pursuant to § 5K2.0 in the absence of a government § 5K1.1 motion. *United States v. Abuhouran,* 972 F.Supp. 326 (E.D.Pa.1997) (citing *Higgins,* 967 F.2d 841). Accordingly, Judge Pollak denied the defendant's motion for downward departure pursuant to § 5K2.0 based on his substantial assistance to the government. *Id.*

The sentencing guidelines preclude a downward departure for substantial assistance without a § 5K1.1 motion from the government, and so, I will deny the motion to depart as a matter of law.