Umer KHAN, Petitioner,

v.

UNITED STATES of America, Respondent.

No. CIV.A. 99–4940.
No. CRIM.A. 97–672.

United States District Court,
E.D. Pennsylvania.

Dec. 6, 1999.

### MEMORANDUM AND ORDER

KATZ, Senior District Judge.

Umer Khan brings a *pro se* petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence because of ineffective assistance of counsel. He alleges that his counsel's deficient performance adversely affected his sentence in three ways: his counsel did not seek a substan-

tial assistance departure under U.S.S.G. § 5K1.1; he merited a downward departure for his post-conviction rehabilitation that his attorney did not request; and his counsel failed to request a reduction for Mr. Khan's role in the offense pursuant to U.S.S.G. § 3B1.2. Finally, he alleges that the government acted in bad faith by not making a substantial assistance motion.

*Background* [1]

In late 1994, Mr. Khan contacted a cooperating government witness and offered to sell the witness a pound of heroin. Acting on instructions from a friend in Pakistan, Mr. Khan located a supplier in Brooklyn, New York. He then traveled to Brooklyn and met with three individuals who gave him the heroin. Mr. Khan was arrested in Philadelphia when he attempted to sell the drugs to the cooperating witness. Laboratory analysis revealed the substance Mr. Khan was attempting to sell to be 479.5 grams of heroin hydrochloride at forty-three percent purity. This was the first time Mr. Khan attempted to sell heroin.

Mr. Khan agreed to become a cooperating witness himself and traveled to Brooklyn to procure more heroin. However, because he owed money for the first supply of drugs, the sellers would not advance additional drugs, and the FBI decided not to provide the funds to pay the sellers. Mr. Khan did not know the names of the three individuals who gave him the heroin. Mr. Khan also provided information regarding alleged drug activities in Philadelphia, but nothing came of this information.

On July 1, 1998, Mr. Khan pled guilty to one count of conspiracy with intent to distribute heroin and one count of unlawful possession of more than 100 grams of heroin. Mr. Khan's plea agreement included

the provision that if his cooperation was substantial, the government would, in its sole discretion, make a motion for a substantial assistance departure. Mr. Khan signed the agreement and during his plea colloquy indicated that he understood that he was bound by his plea even if the government did not file a substantial assistance motion.

Prior to sentencing, Mr. Khan filed *pro se* objections to the sentencing calculations in the Presentence Investigation Report, arguing for a two-level reduction in the offense level pursuant to U.S.S.G. § 5C1.2,[2] for a one level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(b), and for a departure under *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), and *United States v. Sally,* 116 F.3d 76 (3d Cir.1997), for post-offense rehabilitation efforts. Mr. Khan received the safety value [3] and acceptance of responsibility reductions, but the court declined to grant a downward departure under *Koon. See* Order of October 5, 1998.

Mr. Khan was sentenced by this court on October 5, 1998, to forty-six months imprisonment and five years supervised release.

*Discussion*

In order to succeed on his claims of ineffective assistance of counsel, Mr. Khan must show both cause and prejudice. Namely, he must show that his counsel's performance was "outside the wide range of professionally competent assistance," *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional er-

---

1. All facts are drawn from the Presentence Investigation Report, the government's sentencing memorandum and Mr. Khan's petition. The parties are not in dispute regarding the basic facts, unless indicated.

2. The section of the Sentencing Guidelines that provides for the two-level reduction is section 2D1.1(b)(6). In order to qualify for the reduction, defendant must meet the re-

quirements of the safety valve provision of section 5C1.2. *See* U.S.S.G. § 2D1.1(b)(6).

3. Although the government expressed doubts whether Mr. Khan was as forthcoming with information as he could have been, it did not oppose granting the safety valve downward adjustment because it was unable to prove that Mr. Khan withheld information. *See* Sentencing Mem. at 3.

rors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

Due to its critical importance in federal criminal proceedings, familiarity with "the structure and basic content" of the Sentencing Guidelines "has become a necessity for counsel who seek to give effective representation." *United States v. Day*, 969 F.2d 39, 43 (3d Cir.1992). Mr. Khan has raised a serious question regarding his counsel's familiarity with the Guidelines, given that his counsel was apparently unaware of the provision in U.S.S.G. § 2D1.1(b)(6) for a two-level reduction in the offense level for defendants meeting the requirements of U.S.S.G. § 5C1.2. *See* Pet. Ex. A (letter from counsel flatly stating that there is no provision under U.S.S.G. § 5C1.2 for a two "point reduction" without referencing U.S.S.G. § 2D1.1(b)(6)). However, even accepting Mr. Khan's contention that his counsel was deficient, he cannot demonstrate that he was prejudiced regarding any of the issues he raises in his petition.[4]

█ Mr. Khan cannot show that the government would have made a substantial assistance motion but for his counsel's failure to advocate for such a departure. As part of Mr. Khan's plea agreement, the government agreed to make a motion for downward departure if it determined that Mr. Khan provided substantial assistance. However, the government apparently decided that Mr. Khan's assistance was not sufficient because the information he provided did not lead to another investigation or any other arrests. *See* Gov't Sentencing Mem. at 3, 5–6. The government, in exercising its discretion, determined that Mr. Khan did not merit a substantial assistance departure. Mr. Khan has failed to suggest, let alone demonstrate, how his counsel could have altered this outcome.

Mr. Khan also cannot show that there is a reasonable probability that the court's refusal to exercise its limited discretion to depart downward is attributable to his

counsel's error. A district court may depart under U.S.S.G. § 5K1.1 without a motion from the government if it finds that the government's refusal was based on an unconstitutional motive or not rationally related to any legitimate government end. *See Wade v. United States*, 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). The court may also depart if the government's refusal to file a substantial assistance motion is attributable to bad faith, even when the plea agreement specifies that the decision whether to file is in the government's sole discretion. *See United States v. Isaac*, 141 F.3d 477, 484 (3d Cir.1998). While Mr. Khan makes the assertion that he "vigorously assisted authorities," he does not point to any concrete actions on his part other than bringing the authorities to the apartment in Brooklyn where he received the heroin. *See* Pet. Mot. at 3. The government acknowledged this act but determined it was not sufficient to warrant a substantial assistance motion. Mr. Khan fails to allege any suspect motive on the part of the government. *See United States v. Higgins*, 967 F.2d 841, 845 (3d Cir.1992) (holding that the mere fact that a defendant provided assistance and the prosecutor did not file a motion is not sufficient evidence of suspect motive). Given the quantity of heroin involved and that Mr. Khan's assistance did not lead to any fruitful investigations or arrests, the government's decision not to file a motion was rationally related to a legitimate end and was not in bad faith. Quite simply, Mr. Khan does not meet any of the extremely limited circumstance in which a court may depart for substantial assistance without a government motion and even if his attorney had raised these arguments, a departure would not have been granted.

Mr. Khan also cannot demonstrate prejudice regarding his contention that he should have received a *Koon* departure. The court considered Mr. Khan's *pro se*

---

4. Mr. Khan filed *pro se* objections to the Presentence Report and did receive the two-level

reduction safety valve reduction. *See* Order of October 5, 1998.

request for a departure under *Koon*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392, and *Sally*, 116 F.3d 76, and concluded that his cooperation did not warrant a downward departure. *See* Order of October 5, 1998. The court also stated that his cooperation was adequately addressed by the decrease in offense level pursuant to the safety valve provision. *See id.* In his petition, Mr. Khan does not advance any new argument regarding why he merited such a departure and cannot show that he was prejudiced by his attorney.

■ Finally, Mr. Khan does not qualify as a minor participant and therefore, even if his counsel had argued for a role adjustment, his sentence would not have changed. In order to establish whether a defendant is a minor participant, a court should consider factors such as "the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *United States v. Headley*, 923 F.2d 1079, 1084 (3d Cir.1991) (citation omitted); *see also. United States v. Isaza–Zapata*, 148 F.3d 236, 239 (3d Cir.1998) (same). The defendant bears the burden of demonstrating that there were other participants and that the minor role adjustment should apply. *See Isaza–Zapata*, 148 F.3d at 240. In assessing the defendant's role in the offense, the district court must consider all relevant conduct, not just that of the defendant, in assessing relative culpability. *See id.* at 241.

Mr. Khan contacted a cooperating witness and offered to supply the witness with one pound of heroin. He then arranged to purchase the heroin from suppliers in Brooklyn, New York after discussions with another individual in Pakistan. Even accepting Mr. Khan's contention that he had been instructed through every step of this transaction and that he was merely a "gofer," he played a more active role than that of a very low-level courier who merely ferries the drugs from one location to another. *See Headley*, 923 F.2d at 1084

(noting that fact that defendant was a courier in a drug operation "is not alone indicative of a minor or minimal role"). While Mr. Khan argues that his case is factually similar to that of *United States v. Soto*, 132 F.3d 56, 57 (D.C.Cir.1997), the defendant in that case was approached by a drug dealer to act as a courier. Here, it was Mr. Khan who approached both the buyer and the suppliers of the drugs. His conduct does not warrant an adjustment for a minor role in the offense.

■ Mr. Khan's substantive claim that his sentence must be vacated or reconsidered due to bad faith on the part of the government must also be denied because he did not raise this issue at sentencing or on direct appeal and has not shown cause and prejudice for this failure. A defendant "seeking relief for alleged errors in connection with his sentence that he has not directly appealed" must meet the cause and actual prejudice standard of *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). *See United States v. Essig*, 10 F.3d 968, 979 (3d Cir.1993). Even assuming Mr. Khan can show cause, as discussed *supra*, he cannot show that he was actually prejudiced by the failure to raise the claim of bad faith prior to bringing this petition.

*Conclusion*

While lack of familiarity with the Sentencing Guidelines may well have rendered Mr. Khan's counsel ineffective, the petitioner cannot show that but for his counsel's errors, he would have received a different sentence. Mr. Khan's substantive claim that the government was motived by bad faith in refusing to make a substantial assistance motion is inappropriately raised in this collateral proceeding.

The record and papers conclusively establish that Mr. Khan is entitled to no relief and no hearing is necessary. *See* 28 U.S.C. § 2255.

An appropriate order follows.

## ORDER

AND NOW, this 6th day of December, 1999, upon consideration of defendant's petition to vacate, set aside, or correct his sentence, and the response thereto, it is hereby **ORDERED** that said petition is **DENIED**.