

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2002

# USA v. Allen

Precedential or Non-Precedential:

Docket 1-1908

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Allen" (2002). *2002 Decisions.* Paper 70.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/70

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-1908


UNITED STATES OF AMERICA

v.

DION M. ALLEN,
a/k/a "Fathead"

Appellant


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(Dist. Court No. 00-cr-00495)
District Court Judge: Honorable Anne E. Thompson


Submitted Under Third Circuit LAR 34.1(a)
January 17, 2002

Before: ALITO and ROTH, Circuit Judges, and SCHWARZER, Senior District Judge

(Opinion Filed: January 30, 2002)


MEMORANDUM OPINION OF THE COURT


PER CURIAM:
        Because we write for the parties only, the background of the case need not
be set out.  We reject the appellant's argument that this Court has jurisdiction to review
this appeal, which involves the District Court's discretionary refusal to grant a downward
departure under U.S.S.G.  4A1.3.  We therefore dismiss the appeal.
        Although this Court is without jurisdiction to review the District Court's

discretionary refusal to grant a downward departure from the applicable Sentencing Guidelines range, this Court does have jurisdiction over an appeal from a District Court's refusal to depart downward when it believes that it lacks the authority to do so. United States v. Higgins, 967 F.2d 841, 844 (3d Cir. 1992).

In this case, the defendant asked for a downward departure on a ground that is well recognized in the case law, namely, that his criminal history overstated the severity of his past offenses. Both parties presented relevant case law to the District Court supporting its discretionary authority to grant a downward departure, if it found such a departure warranted in this case. The government conceded that the District Court had the power to grant the downward departure, while arguing that it should not do so given the facts of this case. The District Court ultimately agreed with the government's position. Although the District Court said that it saw no "basis" for granting the downward departure, we interpret that statement to mean that the facts here did not warrant the downward departure under prior precedent. This interpretation is bolstered by the District Court's statement that it could see no basis for the departure "in this case." Under this reasonable interpretation, the District Court's conclusion would be an unreviewable discretionary refusal to depart.

We have considered all of the defendant's arguments and see no basis for finding jurisdiction over this appeal. Therefore, we dismiss the appeal for lack of jurisdiction.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.