

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-16-2003

# USA v. Merced

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3896

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Merced" (2003). *2003 Decisions.* Paper 270.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/270

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 02-3896
_____

UNITED STATES OF AMERICA

v.

RICHARD MERCED

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No.01-cr-00421-1
District Judge: Honorable Katharine S. Hayden

_____

Submitted Under Third Circuit LAR 34.1(a)
on June 2, 2003

Before: ALITO, ROTH and STAPLETON, <u>Circuit Judges</u>

(Opinion filed September 16, 2003)
_____

O P I N I O N
_____

ROTH, Circuit Judge;

On June 21, 2001, Richard Merced and Carmen Burgos flew from Lima, Peru, to

Newark, New Jersey. On arrival, during a routine examination by the United States Custom Service, Merced and Burgos claimed that they were married and traveling on vacation. They said that they had packed their own suitcases and the contents of the four suitcases belonged to them. The Customs Service examined the suitcases and discovered that all four had false metal bottoms. Each suitcase contained about 500 grams of cocaine. In total, the luggage contained 1,833.7 grams of cocaine. Merced later admitted that he intended to deliver the cocaine to a person in New York City in exchange for $4,000.

On June 26, Merced and Burgos were indicted in federal court on three counts: One count of conspiracy to import more than 500 grams of cocaine, in violation of 21 U.S.C. § 963 (2001) and two counts charging Merced and Burgos, individually, with importing more than 500 grams of cocaine, in violation of 21 U.S.C. § 952 (a) (2001).

On February 5, 2002, Merced pled guilty to the conspiracy count. The pre-sentence report recommended a total offense level of 31 and a criminal history category of VI, which corresponds to a guidelines sentencing range of 188 to 235 months. In calculating this sentencing range, the Probation Office determined that Merced was a career offender, pursuant to U.S.S.G. § 4B1.1 (2001) because the offense of conviction involved a controlled substance, Merced was 18 years or older at the time of its commission, and he had been convicted of two crimes of violence, one conviction for armed robbery with sexual assault and one for sexual assault.

2

Before sentencing, Merced moved for a downward departure based on the conditions of his pre-trial confinement and on his allegation that the guidelines sentencing range overstated the relative seriousness of his current offense, particularly in light of the lesser sentence of imprisonment received by Burgos. The District Court denied the motion and sentenced Merced to 188 months of imprisonment and five years of supervised release. Merced appealed.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1-2). While we lack jurisdiction to hear an appeal from a district court's failure to exercise its discretion to depart downward, we have jurisdiction over an appeal where the district court failed to depart downward because it believed it lack legal authority to consider such a departure. See *United States v. Georgiadis*, 933 F.2d 1219, 1222 (3d Cir. 1991). We exercise plenary review over allegations that a district court imposed a sentence based on a mistake of law or an incorrect application of the Sentencing Guidelines. *United States v. Torres*, 251 F.3d 138, 145 (3d Cir. 2001); *United States v. Higgins*, 967 F.2d 841, 844 (3d Cir. 1992).

Merced claims on appeal that the District Court erred in denying the motion to depart because Merced's criminal history category overstated his past criminal conduct under U.S.S.G. § 4A1.3. Contrary to this contention, however, Merced did not argue in the District Court that his criminal history overstated his *past* criminal conduct. The record reflects that although Merced cited U.S.S.G. § 4A1.3, he claimed that he deserved

a downward departure based on the disparity between Burgos's and his sentencing ranges. He did not argue in the District Court that his criminal history category over-stated his past criminal conduct.

The District Court properly refused to depart on the basis that there was a disparity between Merced's and Burgos's sentences. *See United States v. Higgins*, 967 F.2d 841, 845 (3d Cir. 1992) (holding that disparity of sentences between co-defendants is improper basis for downward departure); *United States v. Joyner*, 924 F.2d 454, 460-61 (2d Cir. 1991). Accordingly, we find that the District Court did not err in denying Merced's departure motion based on sentencing disparity between Merced's and Burgos's sentences.

Because Merced did not raise in the District Court the objection that his criminal history category over-stated his past criminal conduct and, indeed, did not proffer any evidence that would support such a conclusion, the District Court was not authorized to depart on that basis. Moreover, in view of the nature of Merced's prior convictions, we find no basis for asserting such a claim concerning his criminal history in the first place.

For the above reasons, we will affirm the judgment of sentence of the District Court.

———————————————————————

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Jane R. Roth
Circuit Judge

5