

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2007

# USA v. Jackson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5147

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Jackson" (2007). *2007 Decisions*. Paper 1658.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1658

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No.: 05-5147

UNITED STATES OF AMERICA

v.

KENDALL JACKSON,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No.: 01-cr-00401-6
District Judge: The Honorable Edwin M. Kosik
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 14, 2006

Before: SMITH and ROTH, *Circuit Judges*,
and YOHN, *District Judge\**

(Filed:    February 7, 2007)

_____

OPINION

_____

_____

        *The Honorable William H. Yohn Jr., Senior District Judge for the Eastern District
of Pennsylvania, sitting by designation.

YOHN, *District Judge*.

On February 10, 2003, a jury found Kendall Jackson guilty of four counts of distribution and possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). The amount of crack cocaine involved in these counts totaled 0.94 grams. Three days prior to his conviction, the District Court granted Jackson's motion for judgment of acquittal, filed pursuant to Federal Rule of Criminal Procedure 29 ("Rule 29"), with respect to the count of conspiracy to distribute and possess with intent to distribute in excess of fifty grams of crack cocaine in violation of 21 U.S.C. § 846.[1]

Jackson's presentence report and its addendum concluded that Jackson was accountable for at least 150 but less than 500 grams of crack cocaine associated with the conspiracy. At Jackson's sentencing hearing, FBI Agent Kevin Wevodau testified that Jackson admitted to him in a February 27, 2002 interview that he bought and sold at least 168 grams of crack cocaine.[2] Jackson denies making this statement. The District Court credited the testimony of Agent Wevodau and found under the preponderance of the evidence standard that the government had established that Jackson was responsible for 168 grams of crack cocaine as relevant conduct. The District Court sentenced Jackson to 235 months of imprisonment. Jackson appealed.

---

[1]Jackson's co-defendants, Kevin Dowdy, Bernard Jones, and Sherrod Young, were charged and convicted of the conspiracy count. A jury found that, with respect to the conspiracy, fifty grams or more of crack cocaine were attributable to each co-defendant.

[2]This statement was not used by the government at Jackson's trial due to the constitutional principles established by *Bruton v. United States*, 391 U.S. 123 (1968).

We affirmed his conviction, but vacated his sentence and remanded for resentencing in accordance with the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Jackson*, 149 Fed. Appx. 69 (3d Cir. 2005) (unpublished). On remand, the District Court imposed a sentence of 155 months of imprisonment. This timely appeal followed.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).[3]

Jackson contends that his sentence is unreasonable for two reasons. First, he asserts that the District Court improperly considered as relevant conduct the drug quantities involved in the conspiracy, even though it had granted a motion for acquittal on the conspiracy count. Jackson believes that, under *Booker*, he should be sentenced based on the 0.94 grams of crack cocaine found beyond a reasonable doubt by a jury, rather than the 168 grams found by the District Court under a preponderance of the evidence standard.[4] In addition, Jackson argues that the District Court failed to impose a sentence

---

[3]In its brief which predates our decision in *Cooper*, the government argues Jackson's appeal is not properly before this court under 18 U.S.C. § 3742(a). We decided otherwise in *Cooper*. 437 F.3d at 327-28.

[4]Jackson's position is that if the District Court had considered only 0.94 grams as relevant conduct, the amount for which he was convicted, his base offense level would have been 16 which would have yielded an advisory sentence range of 41 to 51 months, rather than the range of 235 to 293 months recommended by the presentence report and adhered to by the District Court. We note, however, that Jackson's current sentence of 155 months represents a significant downward departure from the latter range.

Further, to the extent that Jackson is arguing that the determination of the amount of

in parity with his co-defendants in violation of 18 U.S.C. § 3553(a)(6).  Jackson urges

that because the District Court reduced the sentences of co-defendants Bernard Jones,

Sherrod Young and Kevin Dowdy by nine-and-a-half to ten years,[5] he is entitled to the

same reduction.  He argues that the District Court unreasonably subtracted only 6.6 years

from his original sentence.

Jackson's argument that the District Court erred in considering the 168 grams of

crack cocaine as relevant conduct is contrary to legal and statutory authority and to the

sentencing guidelines.  In *United States v. Watts*, 519 U.S. 148 (1997), the Supreme Court

held that an acquittal on a charge does not prevent the District Court from considering at

sentencing the underlying conduct, so long as it has been proven by a preponderance of

the evidence.  519 U.S. at 157.  The majority opinion of Justice Stevens in *Booker*, after

discussing *Watts*,[6] declared that "none of our prior cases is inconsistent with today's

decision."  *Booker*, 543 U.S. at 241.  Thus, *Watts* remains good law after *Booker*.  While

---

crack cocaine must be made by a jury beyond a reasonable doubt, he is foreclosed by our
decision in *Cooper*.  437 F.3d at 330 ("As before *Booker*, the standard of proof under the
guidelines for sentencing facts continues to be preponderance of the evidence."); *see also United
States v. Gibbs*, 190 F.3d 188, 203 (3d Cir. 1999) (stating that a preponderance of the evidence
must support the District Court's determination of drug quantity (citing *United States v. Miele*,
989 F.2d 659, 663 (3d Cir. 1993)).

[5]The District Court reduced Jones' sentence by ten years (from 360 months to 240 months),
Young's sentence by nine-and-a-half years (from 324 to 210 months); and Dowdy's sentence by
nine-and-a-half years (from 324 months to 210 months).

[6]The majority opinion of Justice Stevens also discussed *United States v. Dunnigan*, 507 U.S. 87
(1993), *Witte v. United States*, 515 U.S. 389 (1995), and *Edwards v. United States*, 523 U.S. 511
(1998).

Jackson seeks to distinguish *Watts* because he was acquitted by a judge rather than by a jury, he offers no authority for this proposition. Indeed, pursuant to 18 U.S.C. § 3661, which was not invalidated by *Booker*,[7] "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence." § 3661. The sentencing guidelines also do not limit the information a sentencing court may consider in imposing a sentence. *See U.S. Sentencing Guidelines Manual* § 1B1.4 (2006). Moreover, they clearly permit the District Court to consider all other related conduct. *See id.* at § 1B1.3. The commentary to § 1B1.3 states: "Conduct that is not formally charged or *is not an element of the offense of conviction* may enter into the determination of the applicable guideline sentencing range." § 1B1.3 cmt. background (emphasis added). Thus, we find no error by the District Court in considering the 168 grams as relevant conduct.

Jackson's second argument that his sentence is unreasonable because the District Court failed to achieve parity among his co-defendants is also not persuasive. Section 3553(a)(6) provides that the District Court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). Congress' intent in passing § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among defendants in the same

---

[7]*See Booker*, 543 U.S. at 259 (stating that "[w]ith [18 U.S.C. §§ 3553(b)(1) and 3742(e)] excised, . . . the remainder of the Act satisfies the Court's constitutional requirements").

case. *United States v. Seligsohn*, 981 F.2d 1418, 1428 (3d Cir. 1992) (citing *United States v. Higgins*, 967 F.2d 841, 845 (3d Cir. 1992)). After *Booker*, we concluded that a defendant cannot rely upon § 3553(a)(6) to argue for a reduced sentence to create parity among his or her co-defendants. *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). However, "although § 3553(a) does not require district courts to consider sentencing disparities among co-defendants, it also does not prohibit them from doing so." *Parker*, 462 F.3d at 277. Such a consideration is certainly within the court's "broad discretion in imposing a sentence within a statutory range." *Id.* (quoting *Booker*, 543 U.S. at 233). In this case, the District Judge made a discretionary reduction of Jackson's sentence by roughly the same percentage (one-third) that he reduced the sentences of Jackson's co-defendants, establishing what he considered "appropriate parity." Jackson's proposition that "parity by percentage" is unreasonable not only lacks legal support, but his proposed alternative of subtracting the same number of years for all defendants defies all logic. As the government illustrates, this would mean that if one defendant were facing a twenty-year sentence and another a ten-year sentence, and the first defendant's sentence were reduced by ten years, the second would receive no jail time–an untenable result even in the post-*Booker* discretionary regime. Accordingly, we will affirm the District Court's judgment of sentence.