DLD-219                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2242
_____

UNITED STATES OF AMERICA

v.

RODNEY MURRAY
a/k/a Rodney Miller,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 02-cr-00172-32)
District Judge:  Honorable Stewart Dalzell

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 23, 2011

Before:  BARRY, FISHER and VAN ANTWERPEN, Circuit Judges.

(Filed:  July 14, 2011)
_____

OPINION
_____

PER CURIAM

     Appellant Rodney Murray, after pleading guilty to controlled substance violations,

was sentenced in September, 2004 in the United States District Court for the Eastern

District of Pennsylvania to a term of imprisonment of 250 months and eight years of

supervised release. Just over six years later, on January 24, 2011, Murray filed a petition for a writ of mandamus, 28 U.S.C. § 1361, in the sentencing court against two United States Department of Justice employees. Murray alleged that "Special Agent Vandenwigen" and Bureau of Prisons ("BOP") lieutenant T.K. Lewis entered into a contract with him for his cooperation in an investigation of a certain BOP correctional officer who was suspected of selling cigarettes and cellular telephones, and a certain BOP recreation specialist who was suspected of prostitution. In exchange for Murray's cooperation, the agents allegedly agreed to contact the United States Attorney in Philadelphia, in order to get a motion filed on Murray's behalf for a reduced sentence. Murray contended that, after he risked his life by wearing a wire, Vandenwigen and Lewis reneged on the contract and did not help him get his sentence reduced. Murray asked the District Court to order Vandenwigen and Lewis to honor the contract by contacting the prosecutor.

In an order entered on March 25, 2011, the District Court, who was also the sentencing judge, denied mandamus relief without prejudice, and also denied Murray's implied request for appointment of counsel. The court reasoned that there was no cooperation agreement, and Murray had not, in the alternative, made the required showing under Wade v. United States, 504 U.S. 181 (1992). Therefore, Murray had not shown a clear and indisputable right to the writ.

Murray appealed. We have jurisdiction under 28 U.S.C. § 1291.[1] Our Clerk advised Murray that the appeal was subject to summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We review a District Court's mandamus decision for an abuse of discretion, except that we review non-discretionary elements of the decision *de novo*. See Stehney v. Perry, 101 F.3d 925, 929 (3d Cir. 1996). A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). In addition, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is

---

[1] We conclude that this case is distinguishable from Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976) (per curiam). Although the District Court's dismissal was without prejudice, a district court lacks authority to modify a sentence for substantial assistance in the absence of an agreement or where the required showing under Wade has not been made, see United States v. Higgins, 967, F.2d 841, 845 (3d Cir. 1992). Thus, Murray can do nothing to cure his petition, making the order final and appealable, cf. Presbytery of N.J. of Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1461 n.6. (3d Cir. 1994) (where District Court dismisses case based on justiciability, plaintiffs can do nothing to cure their complaint).

3

appropriate under the circumstances." In re: Pressman-Gutman Co., Inc., 459 F.3d 383, 399 (3d Cir. 2006) (internal quotations removed).

Murray did not show a clear and indisputable right to the writ. See Haines, 975 F.2d at 89. Federal Rule of Criminal Procedure 35(b) provides for the reduction of a defendant's criminal sentence if the defendant provides "substantial assistance in investigating or prosecuting another person." But, the United States Supreme Court held in Wade, 504 U.S. 181, that, where there is no agreement, the prosecutor's decision not to file a motion for a reduction in sentence based on substantial assistance is reviewable only where the refusal is based on unconstitutional grounds, such as his race or religion. See id. at 185-86. Cf. United States v. Isaac, 141 F.3d 477, 481 (3d Cir. 1998) (acknowledging Wade's holding that, absent a plea agreement, prosecutor has "almost unreviewable discretion over whether to file a substantial assistance motion"). Moreover, the defendant under Wade must make a "substantial threshold showing" of impropriety in the government's refusal to seek a sentence reduction. Id. at 185. "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even discovery or an evidentiary hearing." Id. at 186. Murray did not allege unconstitutional grounds for the government's refusal to file a motion in his case, let alone make "a substantial threshold showing" thereof. He alleged only that he gave assistance at great personal expense, but this is not sufficient under Wade, and certainly does not warrant a writ of mandamus.

For the foregoing reasons, we will summarily affirm the order of the District Court denying mandamus relief and Murray's request for appointment of counsel.